TROUTMAN SANDERS LLP
Steven D. Allison, Bar No. 174491
steven.allison@troutman.com
5 Park Plaza, 14th Floor
Irvine, CA 92614
Telephone: 949.622.2700
Facsimile:  949.622.2739

David E. Meadows, GA Bar No. 500352
(*Pro Hac Vice to be filed*)
david.meadows@troutman.com
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA 30308-2216
Telephone:  404.885.3000
Facsimile:   404.885.3900

Attorneys for Non-Party
TOTAL SYSTEM SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DANIEL DUONG, | Case No.  2:19-cv-01333-DMG-MAA |
| Plaintiff, | **TOTAL SYSTEM SERVICES LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH THIRD PARTY SUBPOENA** |
| v. | |
| GROUNDHOG ENTERPRISES, INC., | |
| Defendant. | Hearing Date:  January 21, 2020<br>Hearing Time: 10:00 a.m.<br>Courtroom:  690 |
| | Magistrate Judge:  Maria A. Audero |

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022

# TABLE OF CONTENTS

**Page(s)**

I.  STATEMENT OF FACTS ................................................................. 1

    A.    Duong's Lawsuit Against MLS ............................................. 1

    B.    TSYS and Its Lack of Involvement in Duong's Employment With MLS ......................................................................... 2

    C.    Procedural Posture ............................................................. 3

II.  ARGUMENT .................................................................................. 5

    A.    Legal Standard ................................................................... 6

    B.    The Subpoena Improperly Seeks Documents That Are Irrelevant or Within MLS's Possession ............................... 7

    C.    The Subpoena Improperly Seeks to Discover TSYS's Internal Policies. ............................................................... 10

    D.    The Subpoena Improperly Contains an Interrogatory Masquerading as a Document Request. .............................. 11

    E.    TSYS' Attorneys' Fees and Costs Should Be Paid by Duong. .......... 11

III.  CONCLUSION ............................................................................. 12

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY  10022

TOTAL SYSTEM SERVICES LLC'S MOTION TO QUASH THIRD-PARTY SUBPOENA

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
 300 F.R.D. 406 (C.D. Cal. 2014) ................................................................. 6, 7, 9

*Arthrex, Inc. v. Parcus Medical, LLC*,
 2011 WL 6415540 (S.D. Ind. Dec. 21, 2011) ........................................................ 7

*Branca v. Heal the World Foundation*,
 No. CV 09-7084-DMG, 2011 WL 13128392 (W.D. Cal. June 10,
 2011) ........................................................................................................................ 12

*Burns v. Bank of Am.*,
 No. 03 CIV.1685 RMB JCF, 2007 WL 1589437 (S.D.N.Y. June 4,
 2007) ........................................................................................................................... 7

*Concord Boat Corp. v. Brunswick Corp.*,
 169 F.R.D. 44 (S.D.N.Y. 1996) ................................................................................ 6

*Dart Industries Co., Inc. v. Westwood Chemical Co.*,
 649 F.2d 646 (9th Cir. 1980) ..................................................................................... 6

*Drfp, LLC v. Republica Bolivariana de Venezuela*,
 No. 2:04-cv-793, 2016 WL 491828 (S.D. Ohio Feb. 9, 2016) ......................... 12

*Ginena v. Alaska Airlines, Inc.*,
 2011 WL 4749104 (D. Nev. Oct. 6, 2011) ........................................................... 10

*Gonzales v. Google, Inc.*,
 234 F.R.D. 674 (N.D. Cal. 2006) .............................................................................. 8

*Katz v. Batavia Marine & Sporting Supplies, Inc.*,
 984 F.2d 422 (Fed. Cir. 1993) ................................................................................... 6

*Killian v. Hagel*,
 2014 WL 12684498 (S.D. Cal. Sept. 17, 2014) ................................................... 11

*Legal Voice v. Stormans Inc.*,
 738 F.3d 1178 (9th Cir. 2013) ................................................................................ 12

*Miller v. Schmitz*,
 2016 WL 6778944 (E.D. Cal. Nov. 15, 2016) ....................................................... 8

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

*Moon v. SCP Pool Corp.*,
232 F.R.D. 633 (C.D. Cal. 2005) ....................................................... 6, 10

*New Hampshire Motor Transport Ass'n v. Rowe*,
324 F. Supp. 2d 231 (D. Me. 2004) ...................................................... 11

*Nidec Corp. v. Victor Co. of Japan*,
249 F.R.D. 575 (N.D. Cal. 2007) ......................................................... 7, 9

*Precourt v. Fairbank Reconstruction Corp.*,
280 F.R.D. 462 (D.S.D. 2011) ................................................................. 7

*Wheel Group Holdings, LLC v. Club Elecparts, Inc.*,
2018 WL 6264980 (C.D. Ca. Sept. 4, 2018) ....................................... 10

**Other Authorities**

Federal Rule of Civil Procedure 33 ............................................................. 11

Federal Rule of Civil Procedure 34 ............................................................... 7

Federal Rule of Civil Procedure 26(b)(2)(C)(i) .......................................... 6

Federal Rule of Civil Procedure 26(f) ...................................................... 3, 9

Federal Rule of Civil Procedure 45 ...................................................... *passim*

Federal Rule of Civil Procedure 45(d)(1) ................................................... 11

Federal Rule of Civil Procedure 45(d)(3) ..................................................... 6

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022

TOTAL SYSTEM SERVICES LLC'S MOTION TO QUASH THIRD-PARTY SUBPOENA

1
2
3
4
5
6
7
8
9
10

Plaintiff Daniel Duong ("Duong") has served a subpoena (the "Subpoena") on non-party Total System Services LLC ("TSYS") through which Duong seeks a huge volume of documents that are largely irrelevant to the parties' claims and defenses or, to the limited extent the documents may be relevant, are within the possession of Defendant Groundhog Enterprises, Inc. d/b/a Merchant Lynx Services ("MLS").  In fact, it appears that Duong improperly served TSYS with the Subpoena *before* requesting any documents from MLS.  As this Court has recognized, subpoenas should not be used to burden non-parties with discovery that is irrelevant or available from the parties themselves.  The Court should apply those well-established rules and quash the Subpoena.

11

I.   **STATEMENT OF FACTS**

12

   A.   **Duong's Lawsuit Against MLS**

13
14
15
16
17
18

According to the Complaint, MLS provides electronic payment processing services (for example, processing of credit card transactions) to merchants.  *See* Second Amended Complaint, Dkt. No. 19, ¶ 7.  Duong alleges that he was employed as MLS's California District Manager.  *Id.* at ¶ 8.  Duong accuses MLS of breaching an employment contract by, among other things, failing to pay Duong commissions for recruiting new merchant customers for MLS.  *Id.* at ¶ 13.

19
20
21
22
23
24
25
26
27

Duong alleges that his commission structure was based in part on fees merchants paid to MLS for providing payment processing services.  MLS closely tracked the number of transactions processed per merchant, according to Duong, through an on-line "CRM Portal."  *Id.* at ¶¶ 14, 29.  Duong further alleges that, at various times, he personally had access to the CRM Portal.  *Id.*  Duong allegedly referred approximately 134 merchant accounts to MLS, for which MLS processed transactions worth more than $6.7 million.  *Id.* at ¶ 16.  Duong alleges MLS ultimately fired him without paying more than $900,000 in commissions allegedly due under his employment contract.  *Id.* at ¶¶ 26, 28, 29.  Duong's complaint

28

TROUTMAN SANDERS LLP
875 THIRD AVENUE
New York, NY 10022

therefore includes claims for breach of contract and related violations of wage-and-hour laws, all of which Duong has asserted solely against MLS.

**B.**   **TSYS and Its Lack of Involvement in Duong's Employment With MLS**

TSYS is the successor-in-interest to Total System Services, Inc.  Following a recent merger, TSYS operates as a wholly-owned subsidiary of Global Payments, Inc.  Declaration of Karin Reisinger, attached hereto, ¶ 1.  As it did prior to the Global Payments merger, TSYS (both directly and through various subsidiaries, including TSYS Acquiring Solutions, L.L.C., or "TAS) provides payment processing services, merchant services, and related payment services to financial and non-financial institutions.  *Id.*

Duong's complaint makes no mention of TSYS.  There is no allegation that TSYS had anything to do with the employment agreement between Duong and MLS or, for that matter, any of the events alleged in Duong's complaint.  Neither TSYS nor TAS had nor has any contractual or business relationship with Duong. *Id.* ¶ 9.  And although TSYS provides certain payment processing services for MLS, TSYS knows nothing about the fees and/or prices MLS charges to its own customers, much less the commission arrangements MLS may have with its sales agents, including but not limited to Duong.  *Id.* ¶ 8.

It appears that Duong chose to subpoena TSYS merely because TAS provides certain payment processing services to MLS.  *Id.* ¶ 3.  In particular, TAS processes credit and debit card transactions at the point of sale for merchants who are customers of MLS.  Because the merchants are not TAS's customers, TAS does not underwrite or perform any due diligence on those merchants before rendering services on behalf of MLS.  *Id.* ¶¶ 4, 11.

TAS has processed well over 100,000 payments and related transactions under the Agreement since January 1, 2017.  *Id.* ¶ 5.  Collecting, processing, and producing all such records would be a significant and expensive undertaking for

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022

TOTAL SYSTEM SERVICES LLC'S MOTION TO QUASH THIRD-PARTY SUBPOENA

TAS requiring several weeks and the participation of several employees spanning multiple business groups within the company.  Moreover, because TAS employees regularly communicate with MLS in performing under the Agreement, it would take a significant amount of time and effort on the part of TAS staff to gather, analyze and produce all correspondence between the two companies since January 1, 2017.

### C.   Procedural Posture

Duong filed his Complaint on June 6, 2019.  Duong and MLS filed a Joint Scheduling and Rule 26(f) Report on September 13, 2019.  *See* Dkt. No. 36.  The Court issued a Scheduling Order on September 19, 2019.  *See* Dkt. No. 37.  On September 26, 2019, just one week after the Court issued its Scheduling Order, Duong served TSYS with the Subpoena.  Thus, it appears that Duong sought third-party discovery from TSYS *before* asking MLS to produce any documents.

The Subpoena requests a wide variety of documents, including payment processing data and correspondence dating back to January 1, 2017.  *See* Ex. 1 hereto.  Specifically, the Subpoena requests:

(1) Any and all documents that refer or relate to any communications between you and any of the Defendants or any person acting on its behalf from January 1, 2017 through the present date.

(2) Any and all documents that refer or relate to any communications between you and WAB (as used herein, "WAB" shall mean and refer to West America Bank located at 1108 Fifth Ave. San Rafel CA 94901) referring or relating to Plaintiff (as used herein, "DD" shall mean and refer to plaintiff and cross-defendant Daniel Duong, an individual) from January 1, 2017 through the present date.

(3) Any and all documents, including, without limitation, all records, agreements, communications, and CRM (as used herein, "CRM" shall mean and refer to your customer relationship management software system) entries that refer or relate to the following merchants (as used herein, "merchant" shall mean small business, retail establishments, retail merchants, and other business), from January 1, 2017 through the present date.

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022

TROUTMAN SANDERS LLP
875 THIRD AVENUE
New York, NY 10022

[Note that Request No. 3 goes on to list 134 specific merchants, which is not repeated here., but can be viewed in Ex. 1 hereto]

(4) Any and all documents that refer or relate to your policy that refers or relates to reputational risk, including, without limitation, internal memoranda, training literature, videos, or other training materials from January 1, 2017 through the present date.

(5) Any and all communications to or from Nelson Canter 260 Madison Avenue New York, N.Y. 10016 regarding Plaintiff and/or Defendant from January 1, 2017 through the present date.

(6) Any and all documents that refer or relate to any of your underwriting policies regarding "High Risk" merchants.

(7) A list of your individuals who are most knowledgeable or qualified to testify as to the information requested above in request numbers 1-6 and for each category thereof.

Following service of the Subpoena, counsel for TSYS conferred with counsel for Duong and discussed the possibility of narrowing the Subpoena.  Declaration of David Meadows, attached hereto.  The parties appeared to reach a tentative agreement to narrow the Subpoena's scope.  Ex. 2 hereto.  As part of that tentative agreement, TSYS agreed to search for correspondence referring or relating to Duong, to determine whether it had any "compensation reports" relating to Duong's list of 134 merchants included in the Subpoena, and to produce a redacted copy of the Processing Services Agreement between TSYS and MLS, subject to entry of a confidentiality agreement.  *Id.*

On November 19, 2019, in a letter between counsel, TSYS informed Duong that it had located no correspondence mentioning Duong's name and that, insofar as TSYS understood Duong's requests, TSYS had no "compensation reports" of the type Duong was seeking.  Ex. 3 hereto.  At the same time, to preserve its rights and objections, TSYS served a formal Objection to the Subpoena.  Ex. 4 hereto.  TSYS objected, among other things, that the Subpoena was overbroad, that it was issued before the parties had engaged in discovery, and that the Subpoena sought

1   documents that were within the possession of MLS.  *Id.*

2          Following TSYS's objection, the parties engaged in further discussions

3   centering on the "compensation reports" sought by Duong.  Through counsel,

4   Duong specified that he sought "the monthly processing reports that TSYS

5   generates," which supposedly "show monthly processing activity related to the

6   merchants at issue."  Ex. 5 hereto.  Duong's counsel did not appear to dispute that

7   such reports are within MLS's possession; rather, he stated that Duong wanted the

8   same reports "from TSYS *and* MLS" because "[w]e cannot rely on the info from

9   MLS."  Ex. 6 hereto.  In further emails, Duong's counsel confirmed that he wanted

10  TSYS to produce "compensation reports" for all "134 merchants" listed in the

11  Subpoena and would not agree to trim that list because "that won't make it easier

12  for them [MLS] anyways.  It will actually make it harder since they'll be redacting

13  info to provide to us."  Ex. 7 hereto.

14         Counsel for TSYS contacted counsel for MLS to ask whether MLS intended

15  to produce the merchant reports to Duong.  Ex. 8 hereto.  Counsel for MLS never

16  responded to this inquiry.  As of the date of this Motion, it is not clear that Duong

17  has ever formally requested the "compensation reports" from MLS.

18         Finally, counsel for TSYS and counsel for Duong engaged in one last

19  discussion regarding the possibility of narrowing the Subpoena.  Ex. 9 hereto.

20  Duong's counsel proposed various potential compromises, although he maintained

21  Duong's position that Duong "ultimately . . . will need it all."  *Id.*  Given the burden

22  of the production Duong is seeking, TSYS and Duong were unable to reach

23  agreement.  *Id.*  TSYS then filed this motion.

24  **II.    ARGUMENT**

25         The Subpoena is a misuse of Rule 45, because it expressly asks TSYS to

26  assume the cost, burden, and distraction of gathering and producing a potentially

27  large quantity of documents that appear to be irrelevant to the allegations in

28

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022

Duong's Complaint.  To whatever extent the requested documents may be relevant, TSYS should not have to produce them because they are within the possession of MLS.

### A.   Legal Standard

Federal Rule of Civil Procedure 45(d)(3) provides that a court "*must*" quash or modify a subpoena if, among other things, it "subjects a person to an undue burden."  In addition, Federal Rule of Civil Procedure 26(b)(2)(C)(i) permits the Court to limit discovery if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Together, these Rules give district courts broad discretion to regulate subpoenas, and to quash them when necessary.  *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636–37 (C.D. Cal. 2005).

In evaluating the burden imposed by a subpoena, courts consider the relevance of the information sought, the needs of the issuing party, the breadth of the request, the particularity with which the documents are described, and the time period covered by the request against the burden imposed on the person ordered to produce the desired information.  *See, e.g., id.* at 637.  In addition, "[c]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs in a Rule 45 inquiry."  *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (internal citations omitted); *see also Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 425 (Fed. Cir. 1993) (recognizing that "non-party status weigh[s] against disclosure"); *Dart Industries Co., Inc. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a non-party is the target of discovery."); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) ("[T]he status of a witness as a non-party to the

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022

TOTAL SYSTEM SERVICES LLC'S MOTION TO QUASH THIRD-PARTY SUBPOENA

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022

underlying litigation 'entitles [the witness] to consideration regarding . . . inconvenience'" arising from the subpoena.).

Subpoenas are often found to be unduly burdensome, and therefore more likely to be quashed, when used to obtain documents that are within the possession of the parties. *See Amini*, 300 F.R.D. at 410 ("Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party. Accordingly, a court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation.") (internal citations omitted); *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking information can easily obtain the same information without burdening the non-party, the court will quash the subpoena."); *Arthrex, Inc. v. Parcus Medical, LLC*, 2011 WL 6415540, at \*6 (S.D. Ind. Dec. 21, 2011) ("A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests."); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *Burns v. Bank of Am.*, No. 03 CIV.1685 RMB JCF, 2007 WL 1589437, at \*14 (S.D.N.Y. June 4, 2007) ("[I]f documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness [pursuant to Rule 45].") (alterations in original; internal citation omitted).

**B.**     **The Subpoena Improperly Seeks Documents That Are Irrelevant or Within MLS's Possession.**

Ignoring these well-established rules, Duong has subpoenaed from TSYS several years' worth of documents, including any and all documents merely mentioning any one of 134 separate merchants (Request No. 3), and all correspondence between TSYS and MLS (Request No. 1). Both requests are

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022

facially overbroad.  Neither request attempts to tie the requested documents to Duong, his employment at MLS, or any other claim or defense in the case.  Rule 45 does not permit Duong to burden TSYS with searching for and potentially producing a large volume of documents that are not reasonably tailored to the claims and/or defenses asserted in Duong's lawsuit.  *See, e.g., Miller v. Schmitz*, 2016 WL 6778944, at *3 (E.D. Cal. Nov. 15, 2016) ("Rule 45 provides that a subpoena can be quashed if requiring production would place an undue burden on the party subject to the subpoena.  It would be an undue burden on a non-party to require the non-party to produce information that is clearly irrelevant in the action.") (internal citations omitted); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006) ("Rule 45 itself provides that on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it…subjects a person to undue burden. . . . Of course, if the sought-after documents are not relevant, then any burden whatsoever imposed would be by definition undue.") (internal citations omitted).  The fact that TSYS has already determined that it cannot find any correspondence mentioning Duong by name only underscores the impropriety and irrelevance of Requests Nos. 1 and 3 in the Subpoena.[1]

Even if the requested documents were relevant – and it is far from clear that they would be, even if TSYS had them – Duong is obligated to seek their production from MLS, rather than burdening TSYS with his requests.  There appears to be no dispute that, to the extent that any documents responsive to Requests Nos. 1 or 3 are relevant at all, those documents are within the possession of MLS.  Indeed, Request No. 1 seeks TSYS's communications with MLS, which are, by definition, within MLS's possession.  And even as to "compensation reports" relating to Duong's list of 134 merchants, MLS is in possession of the requested data.  The 134 merchants are, after all, customers of MLS, and not TSYS.

---

[1] In addition, Request No. 2 seeks communications between TSYS and West American Bank relating to Duong.  TSYS has determined that it has no documents responsive to that request.

1   And the complaint affirmatively alleges that that MLS maintained a "CRM Portal"

2   that monitored processing activity for each of MLS's merchant customers.  In

3   correspondence relating to the Subpoena, Duong's counsel appeared to concede that

4   MLS has the "compensation reports" he seeks, but that he wants TSYS to produce

5   the same records merely because he does not trust MLS to make a complete

6   production.  But the completeness of MLS's eventual production is a matter for the

7   parties and this Court to resolve, if and when necessary.  It is not an excuse for

8   Duong to preemptively foist the burden of producing MLS's documents on a non-

9   party like TSYS.  *See, e.g., Amini*, 300 F.R.D. at 410.

10   That is all the more so because this is not a case in which Duong tried but

11   failed to obtain the needed documents from MLS.  On the contrary, Duong served

12   TSYS with the Subpoena on September 26, 2019, merely two weeks after the

13   parties filed their Joint Scheduling and Rule 26(f) Report and one week after the

14   Court issued its Scheduling Order.  It does not appear that any party discovery

15   occurred before Duong served TSYS with the Subpoena.

16   Duong's mis-use and abuse of Rule 45 should not be permitted.  Rule 45

17   exists to permit discovery from third parties only when necessary.  *Nidec Corp*.,

18   249 F.R.D. at 577 ("There is simply no reason to burden nonparties when the

19   documents sought are in possession of the party defendant.").  It was never intended

20   as a backdoor means of obtaining documents from a third party without first

21   seeking to obtain them from a party who has them in their possession.  *Id.*

22   Complying with the Subpoena as written would potentially require TSYS to

23   gather and produce a large number of documents and communications.  TSYS has

24   presented evidence that it would require several weeks' worth of staff time to

25   gather, review and potentially produce documents relating to the more than 100,000

26   payment transactions processed by TSYS for MLS's merchant customers.  *See*

27   Reisinger Dec., ¶¶ 5, 7.  The same applies to correspondence between MLS and

28   TSYS.  The burden of finding, gathering and producing three years' worth of

TROUTMAN SANDERS LLP
875 THIRD AVENUE
New York, NY 10022

TOTAL SYSTEM SERVICES LLC'S MOTION TO QUASH THIRD-PARTY SUBPOENA

1   correspondence between two companies that regularly do business together is

2   undue, and particularly so when MLS is by definition in possession of all the same

3   communications.  The Court should quash the Subpoena to avoid imposing such an

4   undue burden and expense on TSYS.

5      **C.      The Subpoena Improperly Seeks to Discover TSYS's Internal
                 Policies.**

6

7      Duong has also subpoenaed from TSYS several years' worth of internal

8   documents, including any and all documents relating to TSYS's policy on

9   reputational risk, and any and all documents relating to TSYS's underwriting

10  policies regarding "high risk" merchants.  Requests 4 and 6.  Those documents are

11  irrelevant to Duong's complaint against MLS.

12  In evaluating the burden imposed by a subpoena, courts consider the relevance of

13  the information sought, among other factors.  *Moon*, 232 F.R.D. at 637 ("Although

14  irrelevance is not among the litany of enumerated reasons for quashing a subpoena

15  found in Rule 45, courts have incorporated relevance as a factor when determining

16  motions to quash a subpoena.") (internal citations omitted).  Subpoenas that seek

17  irrelevant information "are inherently undue and burdensome."  *Wheel Group*

18  *Holdings, LLC v. Club Elecparts, Inc.*, 2018 WL 6264980, at *4 (C.D. Ca. Sept. 4,

19  2018) (internal citations omitted); *see also Ginena v. Alaska Airlines, Inc.*, 2011

20  WL 4749104, at *1 (D. Nev. Oct. 6, 2011) ("If discovery sought is not relevant, the

21  court should restrict discovery") (internal citations omitted).

22     Neither TSYS's internal policy documents on reputational risk nor TSYS's

23  underwriting policies have anything to do with Duong's claims against MLS.

24  Duong's claims are primarily for breach of an employment contract against MLS.

25  TSYS was not a party to that contract, and never employed Duong.    Furthermore,

26  even though some of Duong's allegations relate to MLS's handling of "high risk"

27  merchant customers, TSYS is not alleged to have had any involvement with those

28  customers.  Duong affirmatively alleges in his complaint that it was MLS, and not

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022

TOTAL SYSTEM SERVICES LLC'S MOTION TO QUASH THIRD-PARTY SUBPOENA

TSYS, that had the "sole authority to underwrite and approve Merchant applications." *See* Second Amended Complaint, Dkt. No. 19, ¶ 17. Thus, while MLS's underwriting policies may be relevant to Duong's claims, TSYS's policies are decidedly irrelevant.

### D.   The Subpoena Improperly Contains an Interrogatory Masquerading as a Document Request.

Finally, Duong has subpoenaed from TSYS a list of TSYS employees who are most knowledgeable or qualified to testify as to the information requested in Duong's other subpoena requests. Request No. 7. That request does not seek existing documents, but asks TSYS to make affirmative designations that do not exist within its business records. Thus, the request is, in sum and substance, an interrogatory. Under the Federal Rules, however, a party cannot use interrogatories to obtain information from a non-party. *See, e.g.*, *Killian v. Hagel*, 2014 WL 12684498, at *3 (S.D. Cal. Sept. 17, 2014) ("Federal Rule of Civil Procedure 33 specifically states 'a party may serve on *any other party* no more than 25 written interrogatories.' Interrogatories may not be propounded to third parties under this rule. . . . [A]ny discovery of [] non-parties would need to be conducted by subpoena pursuant to Rule 45.") (internal citations omitted); *New Hampshire Motor Transport Ass'n v. Rowe*, 324 F. Supp. 2d 231, 237 n.5 (D. Me. 2004) ("Fed. R. Civ. P. 33 interrogatories may not be served upon nonparties."). Because Duong cannot send interrogatories to TSYS as a non-party, he cannot instead use a subpoena to try and obtain the information he would otherwise request in an interrogatory. The Court should quash the Subpoena to prevent Duong from further abusing the Rule 45 subpoena power.

### E.   TSYS' Attorneys' Fees and Costs Should Be Paid by Duong.

Federal Rule of Civil Procedure 45(d)(1) states:

A party or attorney responsible for issuing and serving a subpoena
must take reasonable steps to avoid imposing undue burden or expense

TROUTMAN SANDERS LLP
875 THIRD AVENUE
New York, NY 10022

on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

For all of the reasons described above, Duong and its attorneys have failed to take reasonable steps to avoid imposing undue burden and expense on non-party TSYS. As a result, TSYS should be awarded its attorneys' fees and expenses in connection with filing this motion.

Moreover, if the Court does not quash the Subpoena, TSYS estimates its costs of compliance, including but not limited to legal fees, will be well in excess of $15,000. *See* Reisinger Dec., ¶ 7. Such costs represent an undue burden that should be shifted to Duong. *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (requiring cost shifting for significant costs, defined as costs exceeding $20,000); *Drfp, LLC v. Republica Bolivariana de Venezuela*, No. 2:04-cv-793, 2016 WL 491828, at *5 (S.D. Ohio Feb. 9, 2016) (shifting $46,000 in fees and costs to avoid imposing undue burden and expense on non-parties); *Branca v. Heal the World Foundation*, No. CV 09-7084-DMG (PLAx), 2011 WL 13128392, at *2 (W.D. Cal. June 10, 2011) ("Reimbursement of costs to a non-party required to produce documents in response to a Rule 45 subpoena is appropriate in certain circumstances.").

## III. <u>CONCLUSION</u>

For the foregoing reasons, TSYS respectfully requests that the Court grant its Motion and quash the Subpoena with attorneys' fees and costs assessed against Duong.

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022

1    Dated:    December 18, 2019         TROUTMAN SANDERS LLP

2

3                                        By: */s/ Steven D. Allison*
                                         Steven D. Allison
4
                                         Attorneys for Non-Party
5                                        TOTAL SYSTEM SERVICES LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 11-3, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 11-3.1.1. This brief was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted, this 18th day of December, 2019.

*/s/ Steven D. Allison*
Steven D. Allison

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022